**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmd.uscourts.gov**

TERESA HARGROVE, on behalf of herself
and all others similarly situated,

             Plaintiff,

v.                                     Case #: 8:22-cv-201

WAKEFIELD AND ASSOCIATES, INC.,

             Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, TERESA HARGROVE (hereinafter "Ms. HARGROVE"), individually and on behalf of others similarly situated, files this action against Defendant, WAKEFIELD AND ASSOCIATES, INC. (hereinafter "WAKEFIELD & ASSOCIATES"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.72, Fla. Stat. In support, Plaintiff alleges the following:

## INTRODUCTION

1.     This case arises out of the substantive rights of Plaintiff and Class Members under the FDCPA and the FCCPA.

2.     Plaintiff and Class Members allegedly entered into contracts or agreements in Florida. Defendant WAKEFIELD & ASSOCIATES is a debt collector that companies have hired to collect monies from Plaintiff and Class Members allegedly due on those contracts or agreements.

3.     Plaintiff's complaint is that in collecting these debts allegedly due from Plaintiff

and Class Members, WAKEFIELD & ASSOCIATES has routinely and systematically mailed them letters demanding they pay not only debts allegedly due, but also interest on those debts.

4.      Imposing interest on these debts allegedly due with no judgment issued or prior agreement is unlawful. The FDCPA requires debt collectors including WAKEFIELD & ASSOCIATES to represent debt information in a non-misleading manner and not to misrepresent amounts owed. WAKEFIELD & ASSOCIATES's collection letters violate both these proscriptions. Also, WAKEFIELD & ASSOCIATES violates the FCCPA because it regularly attempted and did collect interest on these alleged debts when it knew it had no legal right to do so and the alleged debts including interest are illegitimate.

5.      For the foregoing conduct as detailed more fully below, Plaintiff brings two counts: Count I for WAKEFIELD & ASSOCIATES's violation of the FDCPA; and Count II for its violation of the FCCPA. Defendant violated Plaintiffs and Class Members' substantive rights under these statutes, causing Plaintiff and the putative Class Members cognizable injuries, giving rise to this action for actual and statutory damages under them.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

7.      The Court has personal jurisdiction because Defendant does business throughout the United States, including Florida and this District, and because specific conduct and acts giving rise to this litigation occurred in Florida.

8.      Also, at all times material to this action, Defendant has maintained voluntary, continuous, and systematic contacts with Florida making it foreseeable Defendant would be subject to this Court's jurisdiction, including collecting debts through telephone calls and the mail in Florida, and transacting substantial and regular debt collection business in or affecting

Florida, including, collecting consumer debts of Plaintiffs and Class Members in this District and throughout Florida.

9.      Venue is proper in this District under 28 V.S.C. §§ 1391(b)(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

10.     All conditions precedent to the filing of this action, if any, have been performed, have occurred, or have been waived.

## PARTIES

11.     Plaintiff, TERESA HARGROVE (hereinafter "Ms. HARGROVE"), is natural person, citizen of Florida, and a consumer within the meaning of the FDCPA.

12.     Sometime prior to January 28, 2021, Plaintiff allegedly incurred a financial obligation/debt to PARAGON CONTRACTING SERVICES, LLC ("PARAGON CONTRACTING SERVICES, LLC") or a previous creditor.

12.     Each Class Member is a consumer who was sent the same form of collection letter or a substantially and materially similar letter as Plaintiff and has been charged interest by WAKEFIELD & ASSOCIATES in collecting alleged debts on them via the substantially the same collection letters.

13.     Defendant, WAKEFIELD AND ASSOCIATES, INC. (hereinafter "WAKEFIELD & ASSOCIATES"), is a corporation and citizen with a principal place of business in Knoxville, Tennessee. Its principal business is collecting defaulted debts owed to another, and it regularly uses the mails to collect such debts. Defendant was hired by PARAGON CONTRACTING SERVICES, LLC to collect on an alleged debt owed by Plaintiff and hired by PARAGON CONTRACTING SERVICES, LLC or other parties to collect on the alleged debts

of Class Members.

## APPLICABLE LAWS

**Fair Debt Collection Practices Act**

14.    The purpose of the FDCPA is "to eliminate abusive debt collection practices ... to promote consistent State action to protect consumers against debt collection abuses... " 15 U.S.C. § 1692.

15.    The FDCPA generally prohibits debt collectors, including WAKEFIELD & ASSOCIATES, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" [§ 1692e], and the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f, including, but not limited to,

      a.    False representations or misrepresentations of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

      b.    False representations or misrepresentations of any "compensation which may be lawfully received by [the] debt collector for the collection of a debt." 15 U.S.C. § l 692e(2)(B);

      c.    "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f(1); and,

      d.    "The use of any false representation or deceptive means to collect or attempt to collect" a debt. 15 U.S.C. § 1692e(l 0).

**Florida Consumer Collection Practices Act**

16.    The purpose of the FCCPA is to "provide the consumer with the most

4

protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010)(citing § 559.552, Fla. Stat.).

17.    Like the FDCPA, the FCCPA prohibits persons, including WAKEFIELD & ASSOCIATES, from engaging in certain abusive practices in the collection of consumer debts. *See* generally § 559.72, Fla. Stat.

18.    Specifically, the FCCPA states that no person, including WAKEFIELD & ASSOCIATES, shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

19.    Sometime prior to January 28, 2021, Plaintiff entered into a contract or agreement with PARAGON CONTRACTING SERVICES, LLC or a previous creditor.

20.    The Collection Letter. After the referral from PARAGON CONTRACTING SERVICES, LLC, WAKEFIELD & ASSOCIATES mailed Plaintiff a collection letter dated January 28, 2021, to her Florida residence; a true and accurate copy of which is attached hereto **as Exhibit "A"** and incorporated fully herein by reference.

21.    The January 28, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

22.    The January 28, 2021 letter was the initial written communication that Plaintiff received from WAKEFIELD & ASSOCIATES.

23.    No other written communication was received by Plaintiff from WAKEFIELD & ASSOCIATES within five days of the January 28, 2021 letter.

24.    Upon receipt, Plaintiff read the January 28, 2021 letter.

25.    This collection letter identifies WAKEFIELD & ASSOCIATES as a debt

collector and imposes a rate of interest on what Ms. HARGROVE allegedly owed, stating in part,

> As of the date listed at the top of this letter, you owe $2,567.82.  Because of interest which accrues at the rate of 4.50% per annum, the amount due on the day you pay may be greater. However, if you pay the balance of $2,567.82 within 45 days of the date of this letter, this account would be considered paid in full.

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

26.    In truth and in fact, this demand was false and misleading: There was no interest due, and no interest accruing, on the debt.

27.    Plaintiff did not make a payment of $2,567.82 within 45 days of the January 28, 2021 letter.

28.    WAKEFIELD & ASSOCIATES did not state whether the interest charges may be disputed or what the basis was for assessing interest.

29.    Moreover, Florida law has no provision permitting or allowing interest on balances allegedly due based on before a judgment is entered.

30.    Under Florida law, for a party to be entitled to prejudgment interest, it must have received a judgment. Yet, no one has sued Plaintiff or obtained a judgment over her alleged unpaid balance.

## DEFENDANT'S UNIFORM COURSE OF CONDUCT

31.    Ms. HARGROVE's experience is not unique. WAKEFIELD & ASSOCIATES has regularly collected on the debts of Class Members defined below, and in collecting those debts, WAKEFIELD & ASSOCIATES has routinely and systematically charged Class Members interest on those debts via standardized collection letters mailed to them in Florida.

32.    Upon information and belief, WAKEFIELD & ASSOCIATES tracks its general

business practices as it relates to each member of the Class, including Plaintiff, electronically, and maintains electronic records that are searchable regarding the debts it collects, the debtors' identities, account numbers assigned them, the principal allegedly owed, and the interest imposed and paid.

34.    Upon information and belief, WAKEFIELD & ASSOCIATES tracks via electronic records their written requests for information from debtors, communications with them, and collection letters sent them.

35.    Nevertheless, upon information and belief, as a matter of corporate policy and routine and general business practice WAKEFIELD & ASSOCIATES charged Plaintiff and each Class Member interest on debts allegedly owed.

36.    Upon information and belief, as with Plaintiff, Defendant charged interest through collection letters as a matter of routine and general business practice based on a standardized, computer-generated form.

37.    Upon information and belief Defendant's debt collections and communication are part of an automated debt collection process whereby collections communications, procedures, and polices are implemented automatically via computer programming.

38.    Upon information and belief, the collection letters Defendant sent Plaintiff and Class Members have been part of an automated debt collection process implementing a widespread practice and policy of Defendant to assess monthly interest charges on purportedly unpaid balances on Florida consumers, including Plaintiff and Class Members, regardless that there was no judgment for the purportedly unpaid amount.

39.    Despite that no agreement and no provision of Florida law authorized the interest Defendant imposed, WAKEFIELD & ASSOCIATES uniformly included in preprinted texts of its collections letters materially similar language,

a.  Identifying WAKEFIELD & ASSOCIATES as a debt collector and the letter as a communication from a debt collector;

b.  Stating that the principal balance will accrue interest;

c.  Requiring the principal balance be remitted including interest on the amount allegedly owed; and,

d.  Omitting information explaining what provision of the contract or what law entitles WAKEFIELD & ASSOCIATES to charge the interest.

40.  <u>WAKEFIELD & ASSOCIATES's Knowledge.</u> What's more, WAKEFIELD & ASSOCIATES has systematically made these demands for interest when it knew these were not legitimate debts and that it had no lawful right to collect interest.

41.  WAKEFIELD & ASSOCIATES is a sophisticated debt collector monitoring changes in the law and fully knowing the terms of the contracts on which it collects. It has been a defendant in numerous FDCPA lawsuits.

42.  Its collections and communication about them to debtors, are part of routine policy and procedure, which Defendant has memorialized in writing to its employees. It has in-house employees that review and approve communication forms to ensure their legality before they are used. Nonetheless Defendant routinely mailed collection letters to collect debts and interest allegedly due on debts in Florida, when those debts were not subject to charging interest.

43.  In addition, Defendant is well-versed in Florida law and holds a license as consumer collection agency here, which it renews annually. *See* § 559.553, Fla. Stat. Defendant routinely sent the collection letters despite that, under Florida law, in the absence of a prior agreement, prejudgment interest is not allowable absent a judicial determination of liability or jury verdict determining liability.

44.  Also, in the Eleventh Circuit debt collectors may only charge items that are

specifically set forth in instruments allegedly creating the debt. *See Prescott v. Seterus, Inc.*, 635 Fed. Appx. 640, 647 (11th Cir. 2015) ("[The defendants] violated the... FDCPA and FCCPA by charging [the plaintiffs] estimated attorney's fees that they had not agreed to pay in the security agreement.").

45.    The Common Injury. The FDCPA and the FCCPA respectively create shared, substantive statutory rights for Plaintiff and Class Members.

46.    The FDCPA creates a private right of action under 15 U.S.C. § 1692k. By the FDCPA Congress created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including,

    a.  The rights to receive accurate information, representations, and disclosures, about debts, including interest charges comprising them;

    b.  The rights to receive information, representations, and disclosures, about debts, including the interest charges comprising them, that do not falsely or in a misleading manner state, or do not mispresent, "the character, amount, or legal status of any debt;"

    c.  The rights to receive information, representations, and disclosures, about debts, including interest charges comprising them, that do not falsely or in a misleading manner state, or do not mispresent, the interest "compensation which may be lawfully received by any debt collector for the collection of a debt;"

    d.  The rights to be protected from unfair or unconscionable practices in collections of their debts, including, but not limited to, the right to be obligated for and subject to collection of debt amounts and interest charges only when expressly authorized by the agreement creating the debt or permitted by law;

and,

    e.   The rights to protection from deceptive means of collecting debts, including representing interest charges comprising them.

*See* 15 U.S.C. §§ 1692, 1692e, 1692f, 1692k.

47.    As stated above, WAKEFIELD & ASSOCIATES through its collection letters demanded Plaintiff and Class Members remit payment of interest on debts and has attempted to collect and collected interest on debts when such interest is not permitted under Florida law. Also, Defendant's collection letters contained absolutely no information indicating what provision of the contract or law entitles WAKEFIELD & ASSOCIATES to charge the interest.

48.    By WAKEFIELD & ASSOCIATES's imposition and representations that interest was due as part of the total amount that Plaintiff and each Class Member must remit, WAKEFIELD & ASSOCIATES violated the shared, substantive statutory rights of Plaintiff and each Class Member under the FDCPA, because in that imposition it,

    a.   Falsely or in a misleading manner stated, or mispresented the total amount of debt owed by Plaintiff and each Class Member;

    b.   Falsely or in a misleading manner stated, or mispresented the characters, amounts, or legal statuses of their debts;

    c.   Falsely or in a misleading manner stated, or mispresented the compensation that WAKEFIELD & ASSOCIATES might lawfully receive for the collection of their debts;

    d.   Engaged unfair or unconscionable practices in collections of amounts due, by imposing debt amounts including interest, when interest charges were not expressly authorized by the contract creating the debt or not permitted by law; and,

e.    Engaged in deceptive means of collecting debts, including interest, by representing them in an inaccurate manner or in a manner that would likely mislead a consumer.

49.    The FCCPA also creates a private right of action. *See* § 559.77, Fla. Stat. By the FCCPA the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including, but not limited to, the rights to be protected from collection of their debts (a) by persons who know that the debts they are attempting collect from them are not legitimate or (b) by persons that assert the existence of some legal right vis-a-vis their debts when such person knows that the right does not exist. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

50.    By WAKEFIELD & ASSOCIATES's imposition and representations that interest was due as part of the total debt amount that Plaintiff and each Class Member must remit, WAKEFIELD & ASSOCIATES attempted to collect and did collect debts when it knew,

a.    That it had no legal right to collect them or that the debts were not legitimate under the terms of Plaintiffs and Class Members' contracts; and,

b.    That it had no legal right to collect them or that the debts were not legitimate because they were not permitted by law.

## CLASS ACTION ALLEGATIONS

51.    Plaintiff asks to be designated as a "Class Representative," and as Class Representative brings this action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all other persons similarly situated-the "Class" or "Class Members" defined as follows:

> Within the applicable statutes of limitation, all-natural persons in Florida, whom Defendant sent a collection letter, on behalf of PARAGON CONTRACTING SERVICES, LLC, representing that the debt it was collecting was subject to increase due to interest at the rate of 4.50% per annum.

Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are persons whose collection letters according to Defendant's records were returned as undeliverable, persons whose debts were for commercial purposes, not for personal, family, or household purposes, and Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

52.    <u>Numerosity.</u> (Fed. R. Civ. P. 23(a)(1)). Plaintiff alleges on information and belief that the number of Class Members is so numerous that joinder of them is impractical. At this time, Plaintiff does not know the exact number of Class Members, but the members of the Class will be easily ascertained through Defendant's electronic records, data, and databases.

53.    <u>Commonality</u>. (Fed. R. Civ. P. 23(a)(2)). There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These predominant common questions of law and/or fact include the following:

      a.   Whether Defendant is authorized under Florida law to collect or assess interest on the debts;

      b.   Whether interest on debts is a legitimate debt of Plaintiff and Class Members that Defendant has a legal right to collect and if not whether Defendant's attempt to collect interest violates the FCCPA;

      c.   Whether Defendant's attempts to collect and collections of interest on the debts of Plaintiff and Class Members violate the FDCPA;

      d.   Whether Plaintiff and Class Members are entitled to actual damages under the FCCPA or FDCPA; and,

      e.   Whether Plaintiff and Class Members are entitled to statutory damages under the FCCPA or FDCPA.

54.     <u>Typicality.</u> (Fed. R. Civ. P. 23(a)(3)). The claims of the Class Representative are typical of the claims that would be asserted by other members of the Class in that, in proving her claims under the FDCPA and FCCPA, Plaintiff will simultaneously prove the claims of all Class Members. The rights afforded under the FDCPA and the FCCPA are the same for Plaintiff and Class Members. Plaintiff and each Class Member were sent the standardized collection letter by Defendant described above, when it was trying to collect a debt. If this conduct violates the FDCPA and the FCCPA, it is does so not only for Plaintiff but for each Class Member. Moreover, any statutory damages awarded under those statutes will be formulaic.

55.     <u>Adequacy.</u> (Fed. R. Civ. P. 23(a)(4)). The Class Representative is a natural person, and she has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully cognizant of its responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Each class counsel has extensive experience in class and/or FDCPA or FCCPA claims in this District;

56.     <u>Predominance and Superiority.</u> Fed. R. Civ. P. 23 (b)(3). The common questions identified above predominate over any questions of law or fact affecting only individual members of the Class. Moreover, class treatment is clearly superior to other available methods for the fair and efficient adjudication of this controversy.

## <u>COUNT I</u>
### <u>(Fair Debt Collection Practices Act 15 USC § 1692 et seq.)</u>

57.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

58.     Plaintiff and each Class Member is a "consumer" as defined by 15 U.S.C. § 1692a(3).

59.     The monies including interest allegedly owed by Plaintiff and Class Members are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction ... [that is]... primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

60.     WAKEFIELD & ASSOCIATES is a "debt collector" of debts as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the debts from Plaintiff and Class Members via collection letters. The collection letters described above indeed uniformly confirmed this by identifying Defendant as a debt collector.

61.     WAKEFIELD & ASSOCIATES engaged in direct "communications" with Plaintiff and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives collection letters.

62.     The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

63.     As stated above, Congress created shared, substantive statutory rights of Plaintiff and Class Members to be privately enforced and protected under the FDCPA, which Defendant has violated. *See* 15 U.S.C. §§ 1692, 1692e, 1692f.

64.     15 U.S.C. §1692e states, in relevant part,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of:

>> (A) the character, amount, or legal status of any debt; or
>> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>> (C) The use of any false representation or deceptive means to collect or attempt to collect any debt or to

obtain information concerning a consumer.

65.    15 U.S.C. § 1692f states, in relevant part,

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

66.    Based on the foregoing allegations, WAKEFIELD & ASSOCIATES used deceptive means of collecting in violation of 15 U.S.C. § 1692e(l0), because it imposed interest when stating debts owed via collection letters, which is confusing, inaccurate, or would likely mislead a consumer.

67.    Based on the foregoing allegations, WAKEFIELD & ASSOCIATES violated 15 U.S.C. § 1692e(2)(A) because through its collection letters imposing interest, it falsely or in a misleading manner stated, or misrepresented, the amount, character, or status of the amounts needed to pay debts.

68.    By law, interest is a form of compensation. Based on the foregoing allegations, WAKEFIELD & ASSOCIATES violated 15 U.S.C. § 1692e(2)(B) when through its collection letters imposing interest, it falsely or in a misleading manner stated, or misrepresented, the compensation that it might lawfully receive from Plaintiff and Class Members.

69.    Based on the foregoing allegations, WAKEFIELD & ASSOCIATES used unfair means of collecting amounts including interest, because the amounts were not expressly authorized by Plaintiffs and Class Members' contracts creating their debts as they must be under those instruments, or they were not permitted by Florida law.

70.     These violations of the FDCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FDCPA rights.

71.     As a result of the foregoing violations of the FDCPA, Plaintiff and Class Members paid Defendant interest charges as part of the debts allegedly due on debts Defendant was collecting.

72.     As a result of these violations, Plaintiff and Class Members are entitled to statutory and/or actual damages together with reasonable attorney's fees and costs under 15 U.S.C. § 1692(k).

<u>**COUNT II**</u>
**(Florida Consumer Collection Practices Act§ 559.72(9), Fla. Stat.)**

73.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

74.     Plaintiff and each Class Member is a "debtor" and "consumer" as defined by § 559.55(8), Fla. Stat.

75.     In § 559.72, Fla. Stat., the FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debts. WAKEFIELD & ASSOCIATES is a "person" within the meaning of the FCCPA. Id.; See also§ § 1.01(3), Fla. Stat.

76.     The monies including interest allegedly owed by Plaintiff and Class Members are debts under the FCCPA because each one is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

77.     The FCCPA creates a private right of action. *See* § 559.77, Fla. Stat.

78.     As stated above, the Florida Legislature created shared, substantive statutory

rights of Plaintiff and Class Members to be enforced and protected privately under the FCCPA, which WAKEFIELD & ASSOCIATES violated. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

79.    Under § 559.72, Fla. Stat.,

> In collecting consumer debts, no person shall:
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

80.    Based on the foregoing allegations, WAKEFIELD & ASSOCIATES violated Section 559.72(9), Florida Statutes, by attempting to collect debts including interest debts, when, as stated above, it knew that the interest charges, and as a corollary, the total amounts incorporating them, were not legitimate debts.

81.    Based on the foregoing allegations, WAKEFIELD & ASSOCIATES violated § 559.72(9), Fla. Stat., by attempting to collect debts including interest, when, as stated above, it knew it had no legal right to collect the interest charges, and as a corollary, no legal right to collect the total amounts incorporating them.

82.    These violations of FCCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FCCPA rights.

83.    As a result of the foregoing violations of the FCCPA, Plaintiff and Class Members paid Defendant interest charges as part of the debts Defendant was collecting.

84.    As a result of these violations, Plaintiff and Class Members are entitled to statutory damages and/or actual damages together with reasonable attorney's fees and costs under § 559.77, Fla. Stat.

## **JURY DEMAND**

85.    Plaintiff respectfully requests a trial by jury on all issues so triable.

**RELIEF REQUESTED**

**WHEREFORE** Plaintiff, on behalf of herself and the Class, respectfully requests this Court to award against WAKEFIELD & ASSOCIATES in favor of Plaintiff and the Class all of the following:

a.      Certifying either Count I or Count II or both counts for class treatment under Fed. R. Civ. P. 23(a) and (b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as counsel for the Class;

b.      A judgment for actual damages under the FDCPA or the FCCPA;

c.      A judgment for statutory damages under the FDCPA or the FCCPA;

d.      A judgment for costs and reasonable attorney's fees under the FDCPA or the FCCPA; and,

e.      Any other relief for Plaintiff and the Class the Court deems just and proper.

Dated: January 20, 2022

**KANIUK LAW OFFICE, P.A.**
**Attorneys for Plaintiff**
1615 S. Congress Avenue, Suite 103
Delray Beach, FL 33445
Phone 561-292-2127
Email: ron@kaniuklawoffice.com

By:      */s/Ronald Scott Kaniuk*
            Ronald Scott Kaniuk, Esq. (FBN 0112240)

# EXHIBIT A

**WAKEFIELD & ASSOCIATES**

January 28, 2021

| | | PAGE 1 OF 2/RRO/LTL IL/712197186448/18037/09019 |
|---|---|---|
| Wakefield Account # | 01-210257253 | |
| Creditor | PARAGON CONTRACTING SERVICES, LLC | |
| Current Balance | $2,567.82 | |

## YOUR ACCOUNT(S) HAS BEEN LISTED WITH THIS OFFICE FOR COLLECTION

The creditor has referred your account(s) to our professional debt collection agency for collection. Please remit payment in full in the enclosed envelope. If you wish to arrange payment by credit card or bank draft please contact our office. If you cannot pay the entire amount, please contact our office. We understand your situation and will work with you.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date listed at the top of this letter, you owe $2,567.82. Because of interest which accrues at the rate of 4.50% per annum, the amount due on the day you pay may be greater. However, if you pay the balance of $2,567.82 within 45 days of the date on this letter, this account would be considered paid in full.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Please see the reverse side of this letter for a list of the account(s) this notice applies to.

Please see the reverse side of this letter for important notices and disclosures.

**You may contact our office:**
Monday—Friday 8:00 AM—8:00 PM EST
Saturday 8:00 AM—12:00 PM EST

Access your *Account Securely Online*
chat.wakeassoc.com

**Please send correspondence to:**
P.O. Box 50250
Knoxville, TN 37950-0250

**Please send payments to:**
P.O. Box 59003
Knoxville, TN 37950-9003

**Contact us by phone:**
(865) 971-3840
(800) 283-1766

Espanol:
(800) 221-4817

---

P.O. Box 50250
Knoxville, TN 37950-0250

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | | |
|---|---|---|
| ☐ VISA | ☐ | ☐ |
| CARD NUMBER | | |
| SIGNATURE | | EXP. DATE |
| ACCOUNT NUMBER 01-210257253 | PAY THIS AMOUNT $2,567.82 | AMOUNT PAID $ |

*A $5.95 service fee may apply. Please see the reverse side of this letter for det

Teresa Lynn Hargrove
PO Box 364
Cantonment, FL 32533-0364

Wakefield and Associates, Inc. (1)
P.O. Box 59003
Knoxville, TN 37950-9003